OPINION
This is an accelerated calendar appeal submitted to the court on the briefs of the parties. Appellant, the State of Ohio, appeals from a final judgment of an acting judge in the Ashtabula County Court, Eastern Division, granting appellee's, Ronald J. Hrubiak, motion to suppress. For the following reasons, we reverse the judgment of the acting judge and remand the matter for further proceedings consistent with this opinion.
On February 12, 1999, Deputy Julius Petro ("Deputy Petro"), of the Ashtabula County Sheriff's Department, was dispatched to 8168 Fenton Road to investigate a possible domestic dispute between a father and son. A telephone tip from an identified citizen informant resulted in this dispatch. As Deputy Petro turned onto Fenton Road, he received a second dispatch that the father involved in the domestic dispute was backing out of the driveway in a small tan car, and that he had been drinking.
At the exact moment that Deputy Petro was being advised that the father was leaving the residence, he observed a vehicle backing out of a driveway on Fenton Road, approximately two-tenths of a mile in front of him. At that time, Deputy Petro was unable to see the color of the vehicle or identify the driver because of the heavy snow. After following the vehicle for approximately a half a mile, Deputy Petro initiated a traffic stop to investigate the situation.
Deputy Petro approached the vehicle and found appellee sitting behind the steering wheel. When appellee rolled down his window, the officer immediately smelled a strong odor of alcohol from inside the vehicle. Accordingly, Deputy Petro asked appellee to exit the car.
Once outside, Deputy Petro asked appellee to perform field sobriety tests. Appellee refused, claiming that he had been drinking most of the day and would fail the tests. Based on this refusal, Deputy Petro placed appellee under arrest and transported him to the Orwell Police Department where a Breathalyzer test was administered. The test results indicated that appellee had .184 grams of alcohol per 210 liters of breath. Appellee was cited for driving under suspension in violation of R.C. 4507.02(D)(1), driving under the influence of alcohol in violation of R.C.4511.19(A)(1), and driving with a prohibited breath-alcohol content in violation of R.C. 4511.19(A)(3).
On March 17, 1999, appellee filed a motion to suppress with the trial court alleging that he was stopped without sufficient probable cause. A hearing on the motion was held before an acting judge on April 13, 1999. Deputy Petro was the only person to testify at the hearing.
The acting judge issued a decision on April 27, 1999 granting appellee's motion to suppress. From this decision, appellant filed a timely notice of appeal. It now asserts the following assignment of error:
 "The trial court erred to the prejudice of appellant when it granted appellee's motion to suppress evidence."
 In its sole assignment of error, appellant argues that Deputy Petro was justified in stopping appellee based on the information he had received from dispatch, combined with the officer's "common sense" and knowledge of the area. In addition, appellant maintains that appellee never contested the basis or veracity of the radio dispatch, and in fact, stipulated to both at the hearing. As a result, appellee posits that the acting judge erred in finding that there was no evidence to support the stop because Deputy Petro "possessed no knowledge of an assault or domestic violence[.]"
At a hearing on a motion to suppress, the trial court functions as the trier of fact. Thus, the trial court is in the best position to weigh the evidence by resolving factual questions and evaluating the credibility of witnesses. State v. Mills
(1992), 62 Ohio St.3d 357, 366. See, also, State v. Carleton
(Dec. 18, 1998), Geauga App. No. 97-G-2112, unreported, at 5, 1998 Ohio App. LEXIS 6163; State v. Lillstrung (Sept. 18, 1998), Lake App. No. 97-L-290, unreported, at 2, 1998 WL 682400; State v.Koziol (Aug. 29, 1997), Lake App. No. 96-L-193, unreported, at 13, 1997 Ohio App. LEXIS 3877.
On review, an appellate court must accept the trial court's findings of fact if those findings are supported by competent, credible evidence. State v. Retherford (1994), 93 Ohio App.3d 586,592; Carleton at 6; Lillstrung at 2; Koziol at 13. After accepting such factual findings as true, the reviewing court must then independently determine, as a matter of law, whether or not the applicable legal standard has been met. Retherford at 592;Carleton at 6; Lillstrung at 2; Koziol at 13.
The standard for judging the constitutional validity of an investigative stop is well established under both federal and state law. State v. Stamper (1995), 102 Ohio App.3d 431, 436. The Fourth Amendment to the United States Constitution guarantees "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures * * *." See, also, Section 14, Article I of the Ohio Constitution ("The right of the people to be secure in their persons, houses, papers, and possessions, against unreasonable searches and seizures shall not be violated[.]"). The Fourth Amendment is only applicable in situations where an actual "search" or "seizure" has occurred. Here, there is no question that the protections of theFourth Amendment apply because appellant was the subject of a traffic stop. A stop of a motorist in transit constitutes a seizure for Fourth Amendment purposes. Carleton at 7, citingState v. Durfee (Mar. 6, 1998), Lake App. Nos. 96-L-198 and 96-L-199, unreported, at 5, 1998 Ohio App. LEXIS 865. See, also, Statev. Eskridge (Mar. 31, 2000), Portage App. No. 98-P-0130, unreported, at 8, 2000 Ohio App. LEXIS 1439.
Despite the protections afforded by the United States and Ohio constitutions, certain exceptions are recognized. For example, pursuant to Terry v. Ohio (1968), 392 U.S. 1, a police officer may, under limited circumstances, detain an individual and conduct a brief investigative stop. In order for an investigative stop to fall within constitutional parameters, the police officer must be able to cite articulable facts that give rise to a reasonable suspicion that the individual is currently engaged in or is about to engage in criminal activity. Terry at 21. See, also, Carleton at 7; Lillstrung at 3. However, absent any basis for suspecting that an individual is acting in a criminal manner, the balance between the public interest in crime prevention and the individual's right to privacy tilts in favor of freedom from public interference. State v. Bucci (Dec. 23, 1999), Ashtabula App. No. 98-A-0050, unreported, at 3, 1999 WL 1313671, citingBrown v. Texas (1979), 443 U.S. 47, 52.
In evaluating the propriety of an investigative stop, the reviewing court must examine the totality of the circumstances surrounding the stop as "viewed through the eyes of the reasonable and prudent police officer on the scene who must react to events as they unfold." State v. Shacklock (Apr. 30, 1999), Trumbull App. Nos. 98-T-0005 and 98-T-0083, unreported, at 4, 1999 Ohio App. LEXIS 2020, quoting State v. Andrews (1991), 57 Ohio St.3d 86,87-88. See, also, State v. Bobo (1988), 37 Ohio St.3d 177, paragraph one of the syllabus; State v. Jennings (Mar. 3, 2000), Trumbull App. No. 98-T-0196, unreported, at 3, 2000 WL 263741;Lillstrung at 3. The court reviewing the officer's actions must give due weight to the officer's experience and training, and view the evidence as it would be understood by those in law enforcement. Andrews at 88, citing States v. Cortez (1981),449 U.S. 411, fn. 2. See, also, Stamper at 438.
In the case at bar, the acting judge made the following relevant factual findings: (1) there was no evidence concerning the time of the second dispatch and Deputy Petro's visual observation of the backing vehicle; and (2) Deputy Petro did not possess personal knowledge of an assault or domestic violence at 8168 Fenton Road. After reviewing the transcript of the suppression hearing, this court concludes that the above factual findings made by the acting judge were not supported by competent, credible evidence.
First, Deputy Petro testified that while he was receiving the second dispatch concerning a vehicle leaving the scene of the domestic dispute, he observed the taillights of a vehicle backing out of a driveway on Fenton Road. The receipt of the dispatch and the visual observation of the backing vehicle were simultaneous actions. Therefore, the finding by the acting judge that appellant presented no evidence of a time correlation between the dispatch and observation was clearly contrary to Deputy Petro's testimony, which was uncontroverted at the hearing.
Furthermore, the fact that Deputy Petro did not possess personal knowledge of an assault or domestic dispute at the 8168 Fenton Road residence is not dispositive of whether or not there was sufficient reasonable suspicion to stop appellee. The Supreme Court of Ohio has recently held that an officer may justify a stop of a motorist solely upon a dispatch, so long as the state can demonstrate at the suppression hearing that the facts known to the dispatcher and precipitating the dispatch justified a reasonable suspicion of criminal activity. Maumee v. Weisner (1999),87 Ohio St.3d 295, 298. See, also, State v. Evans (1998),127 Ohio App.3d 56, 62.
Where the information possessed by the police before the stop originates solely from an informant's tip, the determination of reasonable suspicion will depend on the reliability of that tip.Maumee at 299, citing, Alabama v. White (1990), 496 U.S. 325,328. When determining the reliability of the tip, the court should consider the informant's veracity, reliability, and the basis of his or her knowledge. Maumee at 299. Under this framework, identified citizen informants are considered the mostreliable. Maumee at 300. Moreover, "`information from an ordinary citizen who personally observed what appears to be criminal conduct carries with it indicia of reliability and is presumed tobe reliable.'" (Emphasis added.) Maumee at 300, quoting State v.Loop (Mar. 14, 1994), Scioto App. No. 93CA21533, unreported, at 5, 1994 WL 88041.
At the suppression hearing in the instant matter, appellant was prepared to present both the dispatcher and the citizen informant. However, both parties stipulated on the record to theveracity and underlying factual basis of the radio dispatch. As a result, appellant was relieved of its duty to present such information and did not call the dispatcher or informant to testify. Because the stipulation went to the veracity, reliability, and the basis of the informant's knowledge, Maumee
was satisfied.
Therefore, this court concludes that the tip merited sufficient credibility to give rise to the dispatcher's reasonable suspicion that appellee might have been involved in criminal activity. Therefore, Deputy Petro was justified in relying upon the dispatch to justify stopping appellee.
Accordingly, the acting judge erred in granting appellee's motion to suppress. Appellant's sole assignment of error has merit.
The judgment of the acting judge is reversed, and the matter is remanded to the trial court to enter judgment denying the motion to suppress.
 ___________________________________ PRESIDING JUDGE JUDITH A. CHRISTLEY
NADER, J., O'NEILL, J., concur.